Margaret G. Hair v. Commercial Bank of Live Oak, A Corporation.

152 So. 180.

Division B.

Opinion Filed October 28, 1933.

Rehearing Denied November 28, 1933.

500

*Stafford Caldwell,* for Appellant;

*Jno. F. Harrell,* for Appellee.

PER CURIAM.—The court below held the answer of the appellant, Margaret G. Hair, to a Rule to show why a writ of assistance should not be issued against her under a foreclosure decree and sale of mortgaged property, to be insufficient and awarded the writ of assistance to issue as prayed for in the petition to which appellant's answer was rejected. The appeal is solely from the Court's order strik-. ing parts of the answer to the rule for writ of assistance and awarding such writ.

The transcript shows that the final decree of foreclosure was entered June 17, 1930, that the mortgaged property was sold by a special master, and that the sale was confirmed by a decree dated July 10, 1930. The petition for a writ of assistance was not filed until February 21, 1931, more than six months after the confirmation decree of July 10, 1930, had become non-appealable and final.

A writ of assistance is a form of process issued by a court of equity to transfer the possession of lands, the title or right to the possession of which it has previously adjudicated, as a means of enforcement of its decree, instead of turning the party over to a court of law to recover possession. Ann. Cases 1913 D 1120 Note.

The power to issue a writ of assistance is predicated upon the principle that the jurisdiction of a court of equity to enforce its decrees, is co-extensive with its jurisdiction to determine the rights of the parties to the suit, thereby enabling the equity court to carry its decrees into execu-

tion, where it can do so justly, without relying upon the co-operation of any other tribunal.

The only question to be decided on an application for a writ of assistance after a mortgage foreclosure, sale, and confirmation of sale, is whether or not the sale and confirmation thereof have been complied with by the parties against whom the decree of foreclosure, sale, and confirmation have become conclusive adjudications of all the matters put in issue and determined in the main proceeding. A defendant to a foreclosure proceeding against whom a final decree has been rendered, sale had, and confirmation decree entered, cannot in his answer renew his contest as to matters already decided, or which have become concluded by the decree. A proceeding for writ of assistance presupposes that the rights of the parties are such as follow upon the final decree, and it is only where it is made to appear that those rights have become changed by reason of some subsequent agreement, or subsequent happening, occurring after the confirmation decree in a foreclosure case, that the writ may be withheld upon a showing that it will likely work an injustice by being enforced to the prejudice of the rights of a party under such subsequent agreement or happening. Escritt v. Michaelson, 76 Neb. 634, 103 N. W. 300, 160 N. W. 1016, 10 Ann. Cases, 1039.

Applying the foregoing rules to the case now being considered by us on this appeal, the result is that the decree appealed from should be affirmed as being in conformity with the law and facts here applicable.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.