M. W. DIXON v. A. W. DIXON.

191 So. 292
Division B
Opinion Filed October 3, 1939

*Tom W. Butler,* for Appellant;
*Frank Redd,* for Appellee.

PER CURIAM.—On July 23, 1938, appellant filed his petition for writ of assistance to secure certain personal property (buildings located on property of the City of Sarasota, in Florida). Appellee answered the petition for a writ of assistance setting up his claim to the personal property under a lease from the City of Sarasota in 1928, and a subsequent sale to him by the City in 1933.

Prior to this petition for writ of assistance the appellant had been made defendant in a suit commenced in 1925 to dissolve a partnership between the appellant herein and his brother, D. W. Dixon. Pending final decree in the former action, a receiver was appointed to take care of the partnership assets. The property sought to be procured by the writ of assistance is some buildings erected by the partnership upon municipal property under a lease of the premises from the City of Sarasota. In 1928 an interlocutory order of the court returned the premises to the City of Sarasota, but nothing was said in the order about the buildings thereon. Thereafter in the same year, 1928, appellee leased the premises from the City; and in 1933, the appellee bought the buildings from the City of Sarasota. In 1938, the receiver appointed by the court and the other

partner, D. W. Dixon, being dead, the appellant petitioned the court to decree him sole owner of all partnership assets or property; he being the sole surviving partner. This the court did by its order of July 19, 1938.

The appellee herein has never been made a party to the principal suit, nor has the City of Sarasota ever been made a party to the principal suit. The only opportunity of either of these last named parties to contest the claim of the appellant to the property being in the petition presented to the court for a writ of assistance to regain control and possession of the property now in the hands of appellee. The court, however, in its order of July 19, 1938, decreed appellant to be the owner of the property and reiterated this in its order denying the writ of assistance. The grounds cited for denial of the writ being that the appellee had acquired or claimed rights acquired subsequent to .the order of the court in 1928 returning the property to the City of · Sarasota.

This appeal is taken from that order denying the writ of assistance, and the sole assignment of error is the denial of the writ.

This Court has previously said in the case of Hair v. Commercial Bank of Live Oak, 112 Fla. 499, 152 South. Rep. 180, that:

"A writ of assistance is a form of ' process issued by a court of equity to transfer the possession of lands, the title or right to the possession of which, it has previously adjudicated, as a means of enforcement of its decree, instead of turning the · party over to a court of law to recover possession. Ann. Cases 1913D, 1120, note."

The writ of assistance is properly employed where a court of equity has previously determined the rights of the litigants to the title or possession of the property, the writ

being a part of the process employed in enforcing the decree itself. If the decree has not fully and finally determined the title or right to possession, the writ will not issue, since these matters cannot be inquired into on an application for writ. See 5 C. J. 1317, and cases cited under note 22. See also, Stubbs v. Austin, *et al.,* 285 Ill. App. 535, 2 N. E. (2d) 358.

The issuance of the writ of assistance rests in the sound discretion of the court, it issues only when the right is clear and free from doubt, when there is no equity—or appearance of equity—in the defendant; it is not customary to issue the writ where there is a bona fide contest as to the right to possession of the property, or where the rights of the parties have not been fully and finally adjudicated in the principal suit. See Bunch v. High Springs Bank, 76 Fla. 546, 80 South Rep. 319; Hair v. Commercial Bank of Live Oak, 112 Fla. 499, 152 South. Rep. 180; 5 C. J. 1317, par. 4, and cases cited under note 22.

The record in the instant case discloses that neither the rights of the defendants nor those of the parties under whom he claims have been adjudicated fully in the principal suit.

The contention of the appellant that (quoting from a quotation in the case of Bunch v. High Springs Bank, *supra*) :

"The writ of assistance being a writ in aid of the order or decree of a court of equity, there can be no difference in principle whether the one asserting an interest is brought in as an additional party, before decree or thereafter, *on an order to show cause* why the decree should not foreclose his asserted right. In either event, he has his day in court, and his right can be as fully adjudicated as if he had been made an original party," (emphasis added)—is not applicable here. There has been no *show cause* order filed in this

case. The only adjudication of the appellees rights thus far in this cause has been under the petition for a writ of assistance; and as pointed out above, this is not the proper method of determining the rights of the parties to the property.

For the above and foregoing reasons it is the opinion of this Court that the judgment of the lower court should be, and the same hereby is, affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.