CITY OF SARASOTA, a Municipal Corporation, and LESSIE J. DIXON, as Administratrix of the Estate of A. W. DIXON, Deceased, Appellants, v. M. W. DIXON, Appellee.

1 So. (2nd) 198

Division A

Opinion Filed March 14, 1941

*Frank Redd,* for Appellants;

*Tom W. Butler* and *Paul C. Albritton,* for Appellee.

BUFORD, J.—On appeal we review decree in favor of plaintiff in a suit for accounting and to recover possession of property alleged to be owned by the plaintiff and wrongfully withheld from him, for the reasonable rental value of the property for the period for which the property had been so wrongfully withheld and to enforce the payment of the amount so found to be due the plaintiff.

The chancellor made the following findings of fact:

"1.   That it has jurisdiction of the parties and subject matter.

"2.   That the motion to strike parts of the pleadings and

to dismiss the bill of complaint, filed by the defendant Lessie J. Dixon, as Administratrix as aforesaid were overruled and denied; and the motion to dismiss the bill filed by said City of Sarasota was denied.

"3. That the plaintiff's motion to strike certain portions of the Answer of the defendant Lessie J. Dixon, as Administratrix as aforesaid, setting up a counter claim and setoff, was granted.

"4. That the Order dated July 11, 1928, entered by this Court in the case of D. W. Dixon v. M. W. Dixon (No. 466, In Chancery) ordered the receiver to deliver up to the City of Sarasota the possession of: Lots 6 and 7, Block 'A' of the resubdivision of Payne Terminal, as recorded in Plat Book 2, page 206 of the public records of Sarasota County, Florida, and this Order vested no title in the improvements placed thereon by Dixon Fish Company in the City of Sarasota; that the City of Sarasota never thereafter acquired any title to the improvements placed on said lands by the Dixon Fish Company; and now claims no interest in said buildings.

"5. That the City of Sarasota on the 18th day of June, 1924, entered into a lease agreement with Dixon Fish Company, a partnership composed of M. W. Dixon and D. W. Dixon, one of the partners being the same M. W. Dixon who is plaintiff herein, leasing the following described lands, to-wit: Lots 6 and 7 of Block 'A' of C. N. Payne's Subdivision of Hog Creek Boat Basin, being a subdivision of the fractional part of Section 13, Township 36 South, Range 17 East, lying South of Hog Creek according to a plat thereof as same appears of record in Plat Book One page twenty of the public records of Sarasota County, Florida, to the Dixon Fish Company for a period of ten years from January 1, 1924, which lease provided among other things that the buildings and structures should belong to the Dixon

Fish Company and that the lessee had the right to remove the buildings at the termination of the lease; that the said Dixon Fish Company had, prior to the execution of said lease, a similar lease agreement whereby the buildings constructed on the lands should belong to the lessee. And the court finds under the provisions of said lease that the Dixon Fish Company constructed buildings on the land which remained the property of the lessee, the Dixon Fish Company. That at the time the Dixon Fish Company went into the hands of the receiver in 1925 it was not in arrears for any rent. That the minutes of the City Council of the City of Sarasota under date of May 28 and July 2, 1928, show that A. W. Dixon, who was not a member of the Dixon Fish Company appeared before the city council to take over the lease of the Dixon Fish Company and represented to said City that he would make whatever arrangements were necessary with the Dixon Fish Company (of which he was not a member), that the council acting on his promise and representation that the necessary arrangements would be made with the Dixon Fish Company, and being agreeable to· his taking over the Dixon Fish Company lease under such circumstances caused the said Order of July 11, 1928, to be obtained, and in the further pursuance of this understanding and agreement, in A. W. Dixon taking over the partnership lease, the City entered into a new lease agreement with him for a period of five and a half years so that such lease would expire and terminate concurrently with the Dixon Fish Company's lease, to-wit: on December 31, 1933.

"6. That A. W. Dixon had not prior to May 31, 1933, erected ·any buildings on the leased premises; and the recitation in that quit-claim deed executed on May 31, 1933, from the City of Sarasota 'to A. W. Dixon, reciting that A. W. Dixon had erected certain buildings on said lands with the understanding that said building would belong to

him at the termination of said lease, was a false premise for he had erected no buildings thereon and the buildings then on the premises had been erected by his brothers, D. W. Dixon and M. W. Dixon, trading as Dixon Fish Company; and said quit-claim deed vested no interest in the buildings in said A. W. Dixon as against the rights of the plaintiff herein.

"7.   That from all the circumstances and testimony before the Court it conclusively appears that the occupancy of A. W. Dixon in the building of the Dixon Fish Company and the lease tenure of A. W. Dixon in the land described from its inception up to the present time constituted a trust in A. W. Dixon for the owners of the property of the Dixon Fish Company and that Lessie J. Dixon as Administratrix of the estate of A. W. Dixon, deceased, occupies the same relation thereto as A. W. Dixon, occupied during his lifetime. And it appears that no adverse claim was made to plaintiff by A. W. Dixon until after the dismissal of the partnership dissolution case of D. W. Dixon v. M. W. Dixon in July, 1938.

"8.   That this Court having by its Order of September 24, 1925, in Chancery Case No. 466, wherein D. W. Dixon was plaintiff and M. W. Dixon was defendant, taken charge of the building erected in said leased premises as well as all personal property and effects of the Dixon Fish Company through the medium of a receiver, the said property including the said building remained *in custodia legis* until the dismissal of the said cause on the motion of this plaintiff, and the plaintiff had no right in and to the said building or the right of occupancy thereof until the dismissal of said cause.

"9.   That the plaintiff is not entitled to rent for the buildings prior to the dismissal of the suit for the dissolution of the partnership; but is entitled to rent from the time

that he demanded possession of the premises to-wit: from July 19, 1938, to date; and while the testimony shows a reasonable rental for the buildings would have been $50.00 per month; the Court taking into consideration the improvements placed thereon during the long term in which A. W. Dixon and his personal representative have wrongfully held possession of the premises, is of the opinion that $25.00 per month would be a reasonable rental for the buildings since July 19, 1938, as aforesaid, and that the amount due plaintiff by the defendant Lessie J. Dixon as Administratrix as aforesaid is $600.00 to July 19, 1940.

"10. That such improvements as have been made to the original buildings erected by the Dixon Fish Company so as to become attached thereto and are now a part thereof, also now belong to the plaintiff without right of setoff in the defendant Lessie J. Dixon, as Administratrix of the Estate of A. W. Dixon, deceased."

Following such findings of facts, the chancellor adjudged and decreed that defendant's defense of laches and the statutes of limitations against the plaintiff by a proposed amendment to an answer be denied and overruled; that the defendant as Administratrix of the estate of A. W. Dixon, deceased, be permanently enjoined and restrained from disposing of and removing the building erected by Dixon Fish Company together with an permanent improvement or addition thereto located on the described property and any and all leasehold interests or tenure in and to such land or enjoyed by A. W. Dixon during his lifetime or by the defendant as administratrix from the City of Sarasota; that the title and ownership of the building erected on the premises referred to by Dixon Fish Company with all improvements and additions thereto which now form part of the said building, is in the plaintiff and he is entitled to such right of tenure and to such lease-hold interest or right of

occupancy as the defendant as administratrix may now have with the City of Sarasota; and that the administratrix deliver up the possession of such building and such personal property of the Dixon Fish Company as is now in her possession and also the possession of said lots and parcels of land described in the decree, such delivery and possession to be made forthwith to M. W. Dixon, the plaintiff; and that if the defendant should not deliver the possession within five days from the entry of the decree a writ of assistance should be issued to put the plaintiff in possession of the property including the buildings, additions, and lands, without further adjudication of the court; that the plaintiff have and recover of and from the defendant as administratrix of the estate of A. W. Dixon, deceased, the sum of $600.00, and costs of this cause in the sum of $64.50, for which let execution issue; and further decree;

"That the court having found and determined that the buildings erected upon the said lands were not the property of the City of Sarasota, and that the right of removal of said buildings was granted by said City; and it appearing that A. W. Dixon subsequent to 1935, made an addition to the building which has been used as a restaurant and which the court finds that the Administratrix, Lessie J. Dixon, in equity may remove from said land within thirty days provided she first pays the rent of $600 herein decreed, due to M. W. Dixon as surviving partner. Further, upon the removal or detachment of the addition she shall fully replace the side of the building from which the said addition is removed, so as to put the building in substantially the same condition as it was before such addition. The payment of the rent, of the Dixon Fish Company building is to be paid, performed and completed within thirty (30) days from this date, else the right of said removal shall terminate and wholly cease, but such addition is not to be

removed or detached or any work done on it preparatory to removal prior to the payment of the rent as aforesaid. The right and privilege of removal of such addition herein granted shall in no wise affect the right of immediate possession and a writ of assistance shall issue herein within five (5) days from the date hereof in case possession is not surrendered within that time, and such writ shall embrace the building herein awarded plaintiff, including any and all additions thereto. The repairs and improvements and fixtures which are a part of the main building are not to be affected by the order entered herein affecting the addition, as aforesaid, and by the addition is meant that part of the building shown in the picture upon which the words 'Juanita Seafood Grill, Oysters on Half-Shell and Barbecued Mullet' are written. This provision of the decree shall not affect the immediate right of plaintiff to have execution on the judgment for $600.00 and costs herein granted."

The appellant has posed eight questions for our consideration. It appears that the questions are based upon premises not warranted by the record.

The evidence as disclosed by the record amply sustains the findings of facts by the chancellor. A phase of the same controversy was before us in the case of Dixon v. Dixon, 140 Fla. 166, 191 Sou. 292. In that case the appeal was taken from an order denying writ of assistance and the assignment of error was the denial of the writ. This Court affirmed the chancellor in that case because the rights of all the parties had not been adjudicated. On the going down of the mandate the instant suit was filed, and, in the meantime, A. W. Dixon died.

It will be noted from the findings embraced in the decree that by an Order dated July 11, 1928, in the case of D. W. Dixon v. M. W. Dixon the court directed the receiver to deliver up to the City of Sarasota possession of certain lots,

and that such order vested no title in the improvements placed thereon by Dixon Fish Company in the City of Sarasota; that the City of Sarasota never thereafter acquired any title to the improvements made by Dixon Fish Company and now claims no interest in the building and personal property; that the building and personal property continue to remain in *custodia legis.*

The record shows that there was no discharge of the receiver of the partnership property until July, 1938, although it does appear that A. W. Dixon went into possession of the lands under a lease from the City of Sarasota in July of 1928 but at the time of such entry under such lease it was agreed between A. W. Dixon and the City of Sarasota that A. W. Dixon would make satisfactory arrangements with Dixon Fish Company, or its court appointed receiver, concerning the building. The City of Sarasota made no claim to the building or to the personal property therein. A. W. Dixon did not make any arrangements at all with Dixon Fish Company, or with the receiver, about the occupancy of the building. It, therefore, follows that he took possession of the building subject to the rights of Dixon Fish Company and the receiver who had been duly appointed and qualified as such. A. W. Dixon continued in law to hold those buildings subject to the rights of Dixon Fish Company and the receiver. The receiver was vested with the power to exercise all the rights of Dixon Fish Company until he was discharged by dismissal of the suit in which he was appointed receiver.

It is too elementary to require citations of authorities that neither laches nor the statute of limitations runs against one as to the possession or right of possession of property while it is in custody of the court through its receiver. Mattingly v. Boyle, 20 Howard 128, 15 L. Ed. 845; Gas Light, Etc., Co. v. Haynes, 7 La. Ann. 114; Fourchy v. Richardson, 3

La. A. 119; Hebb v. Moore, 66 Md. 167, 7 A. 255; Causey v. Snow, 122 N. C. 326, 29 S. E. 359; Tyner v. Fenner, 4 Lea. 469; Kansas City, Etc., R. Co. v. Weaver, 191 S. W. 591.

But even if the contention that the defendant's claim of ownership might ripen into title by prescription the record does not support the contention because the color of title under which the defendant claimed was a quit claim deed executed by the City of Sarasota on May 31, 1933, and this suit was instituted on the 28th day of February, 1940, less than seven years from the date of the alleged color of title.

The record further shows that the City of Sarasota did not claim title to the building or the personal property and that A. W. Dixon dealt with the City of Sarasota upon the theory and upon his representation that he would make satisfactory arrangements with the owners of the building for his occupancy thereof.

We hold that the controlling factor in this case is that under the circumstances under which A. W. Dixon acquired possession of the building in question he took possession of such building in trust for the use and benefit of Dixon Fish Company and its receiver.

In the case of Smith v. Smith, 143 Fla. 159, 196 Sou. 409, we differentiated between a resulting trust and a constructive trust, and said:

"Constructive trusts are related to the doctrine of equitable estoppel and arise when property has been obtained fraudulently, or gotten without fraud and retained inequitably. Quinn v. Phipps, 93 Fla. 805, 113 South. Rep. 419."

And while we held in that case that the facts there under consideration did not establish either a resulting trust or a constructive trust, our conclusion is that in the instant case the facts and circumstances raised a constructive trust in

favor of M. W. Dixon against A. W. Dixon in his lifetime and his personal representative who so held the property subsequent to his death.

We hold that the chancellor's findings in effect that the tenant Dixon Fish Company had not forfeited the right to remove the building from the lease-hold property was without error. See Hanson v. Ryan, 185 Wisc. 566, 36 A. L. R. 1516, 201 N. W. 749; 36 C. J., page 65, paragraphs 684 and 685; 31 C. J., page 310, paragraphs 5 *et seq.*, and cases there cited.

Appellant challenges the propriety of the court's decree of a money judgment against the defendant. As stated herein the conduct of the defendant and decedent raised a constructive trust in favor of the plaintiff and, therefore, equity had jurisdiction to determine all rights between the parties growing out of that transaction. The decree gave the defendant the right to remove certain property from the premises, which property had been placed thereon by her decedent, but decreed that that right could not be exercised until the defendant had discharged the judgment entered against her. There is nothing inequitable about this requirement and fixed condition precedent. It was merely requiring her to do equity.

A consideration of the entire record reveals no reversible error. Therefore, the decree is affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.