SARASOTA-FRUITVILLE DRAINAGE DISTRICT v. ALL LANDS WITHIN SAID DRAINAGE DISTRICT UPON WHICH DRAINAGE TAXES FOR THE YEAR 1928 HAVE NOT BEEN PAID, MARY LOUISE RICHARDSON, AND CLARA LESLIE RICHARDSON.

25 So. (2nd) 498 — January Term, 1946
March 22, 1946 — Division B
Rehearing denied April 18, 1946.

*McKay, Macfarlane, Jackson & Ferguson,* and *John F. Burket,* for appellant.

*Mabry, Reaves, Carlton, Anderson & Fields,* for appellees.

SEBRING, J:

In the year 1923 the Sarasota-Fruitville Drainage District was organized under the general drainage laws, now chapter 298, Florida Statutes, 1941. Certain lands owned by L. L. Richardson, now deceased, were included in the district. The drainage taxes on these lands were not paid for the years 1928 and 1929, and on March 31, 1930 the drainage district filed suit under the provisions of sections 298.45, 298.46, Florida Statutes, 1941 to foreclose the tax liens. Richardson entered his personal appearance in the suit and thereafter suffered a decree pro confesso for failure to answer. On May 18, 1931 and August 25, 1931, respectively, foreclosure decrees were entered in the suit, each affecting a different part of the property. The lands were sold by the master under the decrees on September 12, 1931 and purchased by the drainage district for the full amount of the taxes. Certificates of sale were thereupon issued to the district. Richardson failed to redeem the property within one year, as authorized by the provisions of section 298.46 Florida Statutes, 1941, and on January 27, 1933 the trial court entered a decree confirming the sales.

No further steps were taken by the district to acquire deeds to the property until November 27, 1943. In the meantime L. L. Richardson died, and his children, Mary Louise Richardson and Clara Leslie Richardson, thereafter continued holding possession of the property as heirs of their father. On November 27, 1943, and on May 11, 1944, respectively, the master who conducted the sale issued two separate

deeds conveying the property sold under the decree of fore-closure to the drainage district. No drainage taxes have been paid on the lands by Richardson or his heirs since 1927; neither have they paid state or county taxes thereon since 1929, and said taxes have been redeemed or paid by the district through the year 1944.

After the execution and delivery of the master's deeds to the drainage district the grantee made demand upon Mary Louise Richardson and Clara Leslie Richardson to deliver up possession of the land sold at the sale. Delivery of possession being refused, the district filed a petition for a writ of assistance to put the drainage district in possession of the property. For answer to the petition the respondents set up that subsequent to the time that title had become vested in the district by virtue of the confirmation of sale of January 27, 1933 they had acquired title to the property by reason of adverse possession. Testimony was taken on the issue and thereafter an order was entered by the chancellor denying the petition. An appeal has been taken from the order.

A writ of assistance is a form of process issuing out of chancery to transfer possession of land the title to and right to possession of which has been previously adjudicated. Hair v. Commercial Bank, 112 Fla. 499, 152 So. 180. Although its issuance may be withheld by the equity court, in the exercise of a sound discretion, the writ should ordinarily be granted in favor of the purchaser at a foreclosure when the sale has been confirmed and the deed has been given as against defendants and their privies, unless by answer to the petition such persons show a bona fide and colorable claim of right of possession arising subsequently to the decree. Gorton v. Paine, 18 Fla. 117; Bunch v. High Springs Bank, 76 Fla. 546, 80 So. 319; Dixon v. Dixon, 140 Fla. 166, 191 So. 292.

The claim asserted in the answer is wholly unsupported by proof. The most that can be said for the evidence offered by the respondents to support its claim of adverse possession is that it shows that after the confirmation of the sale of the property to the District, and prior to the issuance of the deeds by the master, the respondents and their father before them were allowed to remain in possession of the property for

a continuous period of more than seven years; and that during such period of time the District sent them annual notices of landowner meetings of the District. This, with nothing more, is certainly not sufficient to defeat the title of the District acquired through the foreclosure sale, on the ground of adverse possession.

Where land is sold at a judicial sale and the buyer allows the former owner to remain in possession after confirmation, the presumption is that the possession of the original owner is as quasi tenant or tenant at sufferance of the buyer, See 2 C.J. 163, Adberse Possession Sec. 298; 2 C.J.S. 659, Adverse Possession Sec. 105, and the legal principles governing the acquisition of an adverse title by a tenant as against his landlord are applicable to such situation. The law of this jurisdiction is that the possession of a tenant at sufferance may become adverse against the landlord without surrender of possession, only where there has been a clear, positive and unequivocal disclaimer of the landlord's title by the tenant, and an assertion of the new right claimed brought home to the landlord by clear and distinct notice. Wilkins v. Pensacola City Co., 36 Fla. 36, 18 So. 20; Armstrong v. Wilcox, 57 Fla. 30, 49 So. 41, 131 Am. St. Rep. 1080; Kilvert v. Clark, 152 Fla. 35, 10 So. (2nd) 795; Little v. Kendrick, 152 Fla. 720, 12 So. (2nd) 899. Upon like principle the possession of a former owner of property who is allowed to remain in possession after confirmation of sale will not become adverse as against the title of the purchaser at the sale, until by clear, positive and affirmative action brought home to the new owner, the one in possession puts the purchaser on notice that he is unequivocally disclaiming the existing tenancy and intends thereafter to claim possession in his own right and antagonistic to the new owner.

The respondents have failed to show proof of an antagonistic claim of ownership in derogation of the title acquired at the judicial sale, and notice of such adverse claim to the new owner. It is our view, therefore, that the petition for the writ of assistance should have been granted. The conclusion reached makes it unnecessary for us to consider the effect of our adverse possession statutes which require the

payment of state and county taxes by one claiming adverse possession to lands. See Section 95.19 Florida Statutes 1941.

The decree appealed from is reversed with directions that a writ of assistance he issued and that the new owner be put into possession of the lands involved.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.