212 So.2d 362 (1968)
J.L. HUTSON, Jr., and D.D. Malone, Appellants,
v.
William KNABB, Appellee.
No. J-253.
District Court of Appeal of Florida. First District.
July 9, 1968.
Rehearing Denied August 6, 1968.
*363 Savage & Krim, Ocala, for appellants.
J.B. Hodges, Lake City, for appellee.
RAWLS, Judge.
Appellants-defendants appeal from the entry of a summary judgment in favor of Appellee-plaintiff holding that he is the fee simple owner of certain lands and that Appellants had no right of renewal of a lease.
The sole point on appeal stated by Appellants is: Is a lease valid and enforceable for perpetual renewals when it provides in clear and unambiguous language that the lessees are granted the option of renewing the lease every five years commencing on a specific date?
On January 29, 1955, Appellants entered into a lease agreement with one Lettie Bullard, the owner of certain property, which provided inter alia:[1]
 "TO HAVE AND TO HOLD the same for the term of Five (5) years, with option
 of renewal every five years from the Twenty-ninth day of January, A.D. ____,
 th ____ le ____ paying therefor the annual rent of Seventy-Five
 (75.00) Dollars.
 xx
 "And the said lessee covenants with the said lessor to pay the said rent (in)
 as follows: Two Hundred (200.00) upon execution of lease, and balance
 xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
 (payments of each on the day of each and every) of One Hundred Seventy
 xxxxxxxxxxxx
 Five Dollars (175.00) covering first Five years, on demand (for the said
 xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
 thereon, the first payments to be made on the ____ day of) ______; Lessor
 hereby grants to lessee the privilege of purchasing said premises, as
 described herein, at same price of any bona fide offer she may receive."
Lettie Bullard died and the subject property was conveyed by her executor and heirs to the Appellee-plaintiff on June 6, 1957, subject to the unrecorded lease of Appellants.
Appellee Knabb in June of 1966 filed an ejectment suit to oust Appellants of possession. Appellants answered alleging that they were in lawful possession and had tendered the rents payable to Knabb, who had refused same. Knabb thereupon filed his motion for summary judgment which was accompanied by his affidavit stating Appellants had on or before January 28, 1960, tried to pay him the sum of $375.00 to exercise an option of renewal for a five-year *364 term ending January 28, 1960; which was refused upon the grounds that they had no further rights pursuant to the lease; that on or prior to January 28, 1965, the date of the first five-year renewal period, Appellants again tried to pay him $375.00 for another five-year renewal of the lease period, which Appellee again refused, advising Appellants that their rights to continue the use of the property had terminated.
Summary judgment was rendered by the trial judge who found that Appellants had the right of renewal of the lease agreement for the period of five years commencing January 29, 1960, and that on January 29, 1965, Appellee was vested with fee simple title and entitled to immediate possession.
As stated at the outset the basic question is whether the language of this instrument is sufficient to create a perpetual lease. The trial judge found that it did not and we agree. Both parties conceded that no controlling Florida decision has been rendered on this subject. We are confronted with two general principles of law. The Appellants cite and contend for the following rule as stated in Thompson on Real Property, Vol. 3, Sec. 1088, p. 313:
"Technically a lease no matter for how long a term does not violate the `rule against perpetuities,' i.e., either the absolute suspension of alienation or the rule against remoteness of vesting. The interests of the lessor and lessee are both vested and together they can pass the entire estate and clear any burdens created by the lease. However, leases in perpetuity are not favored and will not be constructed so as to give them this effect unless the intention is expressed in unequivocal terms, * * * Though perpetual renewals of leases are not disapproved a lease must clearly and distinctly provide therefor."
Appellee relies heavily upon dicta quoted from the opinion of the Florida Supreme Court in Sisco v. Rotenberg, 104 So.2d 365 (Fla. 1958), when on page 368 it was stated:
"* * * most courts have taken the view a covenant to renew is satisfied by one renewal thereof, due to their disfavor of perpetuities and perpetual leases. Annotation 1952, 31 A.L.R.2d 607; 4 Thompson on Real Property, Sec. 1263 (perm.ed.); 51 C.J.S. Landlord & Tenant § 61; 32 Am.Jur., Landlord & Tenant, Sec. 968."
One of the authorities cited in such dicta, 31 A.L.R.2d 607, at page 610, makes the following statement:
"As indicated by numerous cases discussed or referred to in §§ 3 to 7, inclusive, the courts are loath to construe a covenant for renewal as providing for more than one renewal after the expiration of the original lease, and the language of the lease with respect to renewal must indeed be clear and explicit to impel the court to construe the lease otherwise. Thus, in the absence of unambiguous terminology indicating the intention of the parties to provide for plural renewals, it is generally held that the covenant to renew is satisfied by one renewal, and does not require the insertion of a renewal clause in the instrument under which the lessee in holding subsequently to the expiration of the original lease. In other words, the term `renewal' imports a new lease for the same period of time and on the same terms, but without any covenant for a further extension."
So, what we are ultimately concerned with is the question of whether the words "the term of Five (5) years, with option of renewal every five years" constitute an expression so clear that it unequivocally grants to the lessee the right of perpetual renewals. We have no testimony before us in this case other than the deposition of the lessor, a summary of which is set out in the first part of this opinion. We do have a photostatic copy of the original lease instrument that reflects a printed lease form which is a maize of strikeovers and interlineations, some of which are superimposed on printed matter *365 to such an extent that the instrument is rather difficult for a reader to interpret. For instance; the typed provision "* * * Five (5) years, with option of" is on one line and upon the next line following the words "from the Twenty-ninth of January" we find "renewal every five years" typed over the printed part reading "A.D. 19" and the other printed words which are not decipherable. Further, it is quite difficult to read the typed portion: "Lessor hereby grants to lessee the privilege of purchasing said premises, as described herein at same [at this point, the parties seem to be able to decipher the word `price'  and we presume such came from their independent knowledge rather than their ability to read the copy which has been presented to this court] of any bona fide offer she may receive."
Having read the loosely-prepared instrument, we are immediately confronted with the fact that if the parties intended the instrument to provide for perpetual renewals at a fixed rental and such was clearly expressed therein, this provision could prevent a prospective purchaser from ever having the right of possession or from increasing rents in time of inflation and so diminish the possibility of sale to the extent as to render unnecessary a provision in the lease for purchase by the lessee at the price fixed by a bona fide offer. The parties apparently contemplated a sale. Furthermore, the instrument only specified the manner and times of paying the rent for the first five years. The lease failed to specify when the rent would be due and payable during any renewal period and the printed portion of the form providing for the time of payment was crossed out. Construing all the provisions of the instrument together, we cannot and do not find such clear and unequivocal expression within the terms of the lease of this instrument as to constitute a right of perpetual renewal.
It is our judgment that the Appellants' cited statement from Thompson on Real Property, supra, viz.: "* * * leases in perpetuity are not favored and will not be constructed so as to give them this effect unless the intention is expressed in unequivocal terms" is here applicable in that the subject lease does not express in such unequivocal terms a provision for perpetual renewal.
Affirmed.
WIGGINTON, Chief Judge, and SPECTOR, J., concur.
NOTES
[1] A printed form of lease agreement was utilized and due to overtyping and interlineation, portions of same are illegible. The printed portions which were crossed out are shown in parentheses; the typed portions inserted are italicized.