SPECTOR, Judge.
This is an interlocutory appeal by the plaintiff in an ejectment action from an order dissolving a writ of possession. The latter writ was obtained by plaintiff after the entry of a summary judgment in his behalf holding that he was owner in fee simple of the land in question and that he was entitled to possession.
The order dissolving the writ of possession was entered after a hearing on defendants’ motion, and said order recited as its basis that plaintiff failed to make demand that defendants obey the order for delivery of possession embodied in the final judgment and that defendants did not refuse to obey such order; that plaintiff failed to file an affidavit as proof of demand and refused to obey the order for possession; and, lastly, that plaintiff failed to give notice of the application for the writ of possession to the defendants who were in possession of the property.
Appellant urges as his principal ground for reversal that the court below erroneously invoked the procedural requirements generally associated with the issuance of a writ of assistance in chancery actions as prerequisite to the issuance *666 of the writ of possession with which we are concerned in this case. We agree and reverse.
The authorities cited to the Court seem to be in general agreement that a writ of possession in an ejectment action issues as a matter of course upon application therefor made to the clerk of the circuit court. In State ex rel. Raulerson v. Durrance, 83 Fla. 375, 91 So. 331 (1922), it was held that the issuance of the writ of possession by the clerk is a ministerial duty enforceable by mandamus. Professor Crandall’s Treatise, Florida Common Law Practice, Ejectment and Betterment suits, Section 266, Judgment, pages 406-407, states:
“The judgment for the plaintiff should award possession, state the quantity of the plaintiff’s estate, describe the land and award the damages for mesne profits. The award of damages, however, is not a necessary requisite. It is unnecessary for the judgment to award a writ. The purpose of the judgment is to determine the title, the right of possession and the damages. The writ issues as of course. It follows that if judgment directs the issuance of a writ, this portion of the judgment is surplusage and if the writ is erroneously named it does not vitiate the judgment.” (Emphasis supplied)
In 8 Florida Law and Practice, Ejectment, § 66, Writ of Possession, page 316, a similar statement is found on the method of utilizing the writ in question:
“The proper method for enforcement of a judgment awarding possession to a plaintiff in ejectment is by writ of possession. Where the plaintiff recovers in ejectment, he may have one writ of execution, embracing a habere facias posses-sionem for the possession, and a fieri fa-cias for his damages and costs, or he may, if he so elects, have separate writs, one a writ of habere facias possessionem for the possession, and a separate writ of fieri facias for his damages. It is the duty of the clerk of the circuit court to issue the writ of possession predicated upon a judgment for plaintiffs in an action in ejectment, and that duty may be enforced by mandamus * *
Inasmuch as the correctness of the trial court’s ruling on the final judgment, holding that the plaintiff [appellant in this post final judgment interlocutory appeal] is entitled to possession of the land in question in the main dispute between the parties, has been upheld in a recent opinion of this Court, Hutson et al. v. Knabb, 212 So.2d 362, opinion filed July 9, 1968, it is unnecessary to consider the other question raised by appellant in the case sub judice.
The order hereby appealed is reversed.
RAWLS, Acting Chief Judge, and JOHNSON, J., concur.