RAWLS, Judge.
By this appeal appellants, George W. Davis and Sons, Inc., a corporation, and Joe Ed Davis (hereinafter called Davis), challenge an adverse final judgment permanently enjoining Davis from ousting ap-pellee, Raffield, from docking spaces occupied by him at St. Andrew Marina in Bay County, Florida.
The basic issue involved in this dispute is whether the trial court erred in construing the terms of a written sublease agreement as providing for successive renewals as long as the sublessor held the premises under a main lease. A subsidiary point is whether there is competent, substantial evidence of record to support the trial court’s judgment.
The dates of the written transactions material to the issues involved are important. On August 6, 1962, the municipality of Panama City leased the St. Andrew Marina facilities located in Panama City, Florida, to appellant-defendant Davis for a period of five years with the option to renew for another five-year period. The lease provided that Davis had the exclusive right to rent the dock spaces and collect the prevailing charge therefrom and the exclusive right to manage and control the premises in a businesslike manner. After taking possession Davis rented, by oral agreement, the dock slips to Raffield. On April IS, 1963, Davis entered into the subject of this contract, a written sublease with Raffield. This instrument provided, inter alia:
“With option of renewing said lease each year by Sublessee.” So, at the time the sublease was executed Davis’ main lease with the City provided for a five- *384 year term beginning August 6, 1962, with an option to renew for an additional term of five years, which Davis exercised and which expired as of August 6, 1972.
This brings us to the dispute in this cause. The parties operated their respective businesses in harmony until 1969 when Raffield’s step-son allegedly caused trouble at the Marina. In June of 1970, Davis notified Raffield that his sublease was terminated immediately. Raffield responded that the lease had a one-year renewal option effective until April 15, 1971; Davis honored the option and thereafter attempted to terminate the sublease in April of 1972.
At this juncture we emphasize that when Davis entered into the written sublease with Raffield in the year 1962 the term that Davis had available from his landlord (the City), including the option for renewal, expired as of August 6, 1972. Therefore, construing the sublease in a way most favorable to uphold the trial judge’s judgment, its maximum period of effectiveness must terminate as of August 6, 1972.
To construe the controverted language cited above otherwise would result in rewriting the agreement between the parties. Surely, the language “With option of renewing said lease each year by Sublessee” is not subject to a construction that “Mr. Landlord, if at some time in the future you should reach a new agreement with your lessor upon new terms and conditions for possession of the leased property extending beyond your present agreement, then I, your sublessee, shall be entitled to lease from you for those not yet determined periods under the same terms and conditions of our agreement.” Such a conclusion not only contravenes logic and common sense, but it also defies the established law of this jurisdiction.[1]
Numerous collateral matters were injected into the trial proceedings. Extensive evidence was received by the trial court as to the St. Andrew Marina being a public facility; the taxpayers’ investment in the project; as to the City operating the facility for approximately two years; and an abundance of oral testimony concerning the history of each of the parties’ businesses and business relationships, and the involvement of the City in the marina business. Although such evidence might well have served a useful purpose by letting each party air all of his grievances, we deem same to be extraneous in construing the plain language of the written agreements. Stated once again, giving every benefit of doubt to appellee Raffield, the longest period of time that the trial judge could have, and should have, construed his agreement with Davis to continue in operation was August 6, 1972.[2]
Reversed.
CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.

. Hutson v. Knabb, 212 So.2d 362 (1 Fla.App.1968).

. Under the circumstances in this case imposed by reason of Davis’ lease with the City, we do not deem it necessary to again outline the legal effect of the renewal provision in the Davis-Raffield sublease. That issue was fully discussed and disposed of in Hutson v. Knabb, supra.