BERANEK, Judge.
William Cull seeks review of a non-final order. He appeals pursuant to Florida Rule of Appellate Procedure 9.130(a)(5). We treat the “appeal” as a petition for common law certiorari, grant the petition, quash the contested order of the trial court, and remand for further proceedings.
A brief factual background is necessary. Robert Hurth, an attorney, held a second mortgage on property owned by appellant, William Cull. This mortgage secured a debt for legal fees incurred from Hurth’s representation of Cull in a criminal prosecution. Hurth sued to foreclose the mortgage and eventually obtained a final judgment of foreclosure. The property was sold to Hurth at the foreclosure sale. Shortly thereafter, Hurth conveyed the property to Claudia Hoffman by quit claim deed.
By motion pursuant to Rule of Civil Procedure 1.540 Cull moved to set aside: (1) *296 the final judgment of foreclosure, (2) the judicial sale to Hurth, and (3) the subsequent sale by Hurth to Hoffman.[1] In the motion, Cull alleged that the mortgage sued upon had been obtained by Hurth through coercion and overreaching. Cull asserted he was in jail under criminal prosecution when Hurth presented him with the mortgage and required him to sign it without adequately advising him regarding its nature or effect. Cull also alleged that he had not received notice of the final hearing in the mortgage foreclosure action, did not receive a copy of the final judgment, and was totally unaware of the sale of the property until he received a certificate of sale from the clerk. Cull further asserted that the sale between Hurth and Hoffman was a purposeful attempt to cut off his rights and that Hoffman was not a bona fide purchaser because she was well aware of the facts involving title to the property.
After two separate evidentiary hearings, the trial court entered an order on June 11, 1979. This order, however, did not rule upon the motion to vacate the final judgment. Instead, it recited that the hearing on the motion to vacate final judgment was continued so that the court could hear from Hurth regarding the circumstances surrounding defendant’s execution of the note and mortgage. The order also failed to rule on the motion to set aside the sale to Hoffman. Despite the absence of a ruling on the validity of the final judgment, the court did deny the motion to set aside the judicial sale, finding that Cull had in fact received a copy of the clerk’s certificate of sale some five days after the sale. The court concluded that since Cull had not timely exercised his equity of redemption after receiving the certificate of sale, the motion to set aside the sale should be denied. The order in question also granted Hoffman a writ of assistance which ordered Cull to immediately leave the property in which he had been residing throughout the proceedings.
Cull has sought review of this order by interlocutory appeal pursuant to Rule of Appellate Procedure 9.130(a)(5), relating to rulings on motions filed pursuant to Rule of Civil Procedure 1.540. Here, Cull’s 1.540 motion sought three separate rulings. The order in question ruled only on the issue of the judicial sale and entirely failed to rule upon the final judgment which formed the basis for the judicial sale. Simultaneously with the reservation of jurisdiction regarding the final judgment, the court granted a writ of assistance to the intervenor. Under these unusual circumstances, we conclude that the order constitutes a departure from the essential requirements of law and may well result in prejudice which could not be remedied at any later time. Although the trial court did not fully dispose of the 1.540 motion, we conclude that we have jurisdiction through the vehicle of certiorari.
The order of the trial court must be quashed because of inconsistencies on its face which result in prejudice to petitioner, Cull. The 1.540 motion sought to vacate the final judgment on various grounds and to vacate the judicial sale on the same grounds. The trial court denied the motion to vacate the sale but reserved ruling on the motion to vacate the final judgment. Although no express ruling was made on the motion to vacate the subsequent sale to Claudia Hoffman, she was granted possession of the property in the writ of assistance.[2]
Although we do not rule on the propriety of all procedures followed herein, we do conclude that when faced with a motion to set aside a final judgment and a foreclosure sale based upon the same reasons, the trial court cannot uphold the foreclosure sale, remove the mortgagor, and simultaneously reserve ruling on the motion to vacate the final judgment, noting the necessity for further evidence on that issue.
The continued pendency of the motion to set aside final judgment and the court’s *297 finding of a necessity for testimony from the mortgagee on the issue had the effect of clouding the rights to possession and title. A writ of assistance is a form of process issued by a court to transfer possession of land, the title or right to which has been previously adjudicated. In Dixon v. Dixon, 140 Fla. 166, 191 So. 292, 293 (1939), the Florida Supreme Court stated:
The issuance of the writ of assistance rests in the sound discretion of the Court; it issues only when the right is clear and free from doubt, when there is no equity — or appearance of equity — in the defendant; it is not customary to issue the writ where there is a bona fide contest as to the right to the possession of the property, or where the rights of the parties have not been fully and finally adjudicated in the principal suit.
Here, there was an ongoing dispute regarding numerous issues between the parties.
The order below is quashed and the cause remanded to the trial court with directions to proceed with a determination of all issues presented. The basic foundation issue appears to be the validity of the final judgment upon which all further proceedings depend. The trial court should initially address this issue.
CERTIORARI GRANTED, ORDER QUASHED, CAUSE REMANDED.
DOWNEY and ANSTEAD, JJ., concur.

. Claudia Hoffman intervened in the proceedings below and sought a writ of assistance to remove Cull from the property.

. This situation is to be distinguished from Sundie v. Haren, 253 So.2d 857 (Fla.1971). We are not here dealing with a non-party purchaser at a judicial sale.