GROSS, Judge.
In the trial court, Harriet Ginsberg, as personal representative of her father’s estate, filed a complaint asserting two causes of action in the circuit court against Gladys Cohen — ejectment and damages arising from the breach of a lease agreement. The lawsuit arose out of Cohen’s occupancy of a condominium unit owned by Ginsberg’s father.
On March 24, 1998, the trial court entered a final judgment in favor of Ginsberg, awarding her $42,125 in damages, with interest. The judgment does not mention ejectment or attempt to comply with the statutory requirements for an ejectment judgment. See § 66.031, Fla. Stat. (1997). Cohen timely appealed the judgment. Briefs have not yet been filed.
On July 24, 1998, the trial court granted Ginsberg’s motion for the issuance of a writ of possession.
On the record before us, the trial court was without authority to order a writ of possession to issue, because it had not entered final judgment on the ejectment count.
Florida Rule of Civil Procedure 1.580(a), provides that when a “judgment or order is for the delivery of possession of real property, the judgment or order shall direct the clerk to issue a writ of possession.” The gist of the rule is that a court cannot order a writ to issue until it has formally adjudicated the right to possession of property. See Traw *1114 ick, Fla. Prac. and Proc., § 27-5 (1996 ed.). The ejectment statute authorizes a writ of possession once a plaintiff obtains a final judgment:
WRIT OF POSSESSION; EXECUTION TO BE JOINT OR SEVERAL. — When plaintiff recovers in ejectment, he or she may have one writ for possession, damages and costs or, if the plaintiff elects, have separate writs for possession and damages.
§ 66.021(3), Fla. Stat. (1997) (emphasis supplied). In State ex rel. Raulerson v. Durrance, 83 Fla. 375, 91 So. 331 (1922), the supreme court held that it was the duty of the clerk to issue an appropriate writ of possession upon demand “predicated upon the judgment for the plaintiffs in ejectment.” See Knahb v. Hutson, 212 So.2d 665 (Fla. 1st DCA 1968). Similarly, although it involves a different possessory action than ejectment, the Florida Residential Landlord and Tenant Act authorizes the issuance of a writ of possession “after entry of judgment in favor of the landlord.” § 83.62(1), Fla. Stat. (1997).
Ginsberg argues that she was entitled to the writ of possession because her complaint contained a claim for ejectment, which was within the jurisdiction of the circuit court. However, there is a difference between a court’s jurisdiction to hear a cause'of action and the legal authority to order a certain type of writ to issue.
The ejectment and landlord/tenant statutes essentially codified the common law rule regarding writs designed to restore possession of real property. As the supreme court explained in Dixon v. Dixon, 140 Fla. 166, 191 So. 292 (1939):
The writ of assistance[1] is properly employed where a Court of equity has previously determined the rights of the litigants to the title or possession of the property, the writ being a part of the process employed in enforcing the decree itself. If the decree has not fully and finally determined the title or right to possession, the writ will not issue, since these matters cannot be inquired into on an application for the writ.
Id. at 293; see also Drawdy v. Warfield, 49 So.2d 328, 329 (Fla.1950).
Cohen’s motion to stay the order of July 24,1998 is granted.
FARMER and STEVENSON, JJ., concur.

. A writ of assistance was' the form of process used in equity, while a writ of possession was used in actions at law. See Hair v. Commercial Bank of Live Oak, 112 Fla. 499, 152 So. 180 (1933); Knabb v. Hutson, 212 So.2d 665, 666 (Fla. 1st DCA 1968). In modem practice, the two writs have been combined into the writ of possession. See Trawick, Fla. Frac, and Proc., § 27-5 (1996 ed.).