948 So.2d 985 (2007)
CHESSMASTERS, INC., a Florida corporation, d/b/a Bikes and Bargains, d/b/a Pawn World, d/b/a Storage for Chessmasters, Inc., Appellants,
v.
Jean CHAMOUN and Mona Chamoun, Appellees.
No. 4D06-3362.
District Court of Appeal of Florida, Fourth District.
February 21, 2007.
Robert C. Gindel, Jr. of Robert C. Gindel, Jr., P.A., West Palm Beach, for appellant Chessmasters, Inc., for appellant.
No brief filed for appellees.
PER CURIAM.
Appellant, Chessmasters, Inc., appeals from a final judgment granting the plaintiffs' request for declaratory judgment and declaring an automatic lease renewal provision to be void as an unreasonable restraint on alienation. Because the lease *986 renewal provisions do not contain unambiguous and explicit language providing for renewals in perpetuity, we conclude that the trial court erred in holding that the renewal provisions in the leases are void as unreasonable restraints on alienation due to perpetuity. We find that Chessmasters should be entitled to one renewal because the lease agreements do not contain clear and unequivocal language stating that Chessmasters had a perpetual right to renew.
On January 1, 2004, Chessmasters entered into several leases with the prior owners, Heinrich Kandel and Gerhard Wolfsjaeger, of a building located in Lake Worth, Florida. The term of the lease was for five years, commencing January 1, 2004, for a monthly rental of $1600. The lease provided that "time is of the essence" and contained the following renewal provision:
Unless lessee shall notify lessor in writing on or before the expiration of the original term or any additional extended Five-Year period that lessee does not elect to extend to this lease agreement, this lease agreement including all of its terms, provisions and covenants shall be automatically extended for an additional period of Five (5) Years. For each extended Five-Year period Lessor is entitled to an increase in rental price of not more than 10% current rental price.
The lease agreement further provided that the lessee could terminate the lease at will so long as the lessor is provided written notice 120 days prior to termination of the lease; the lessor may not terminate the lease except for cause, i.e., breach of the agreement.
On June 4, 2004, the current landlords, Jean and Mona Chamoun, purchased the property from Heinrich Kandel and Gerhard Wolfsjaeger. Approximately seven months after purchasing the property, on January 28, 2005, the landlords filed suit seeking declaratory judgment to void the leases because the leases "purport to encumber the property forever." Following a non-jury trial, the trial court entered its final judgment granting the landlords' request for declaratory judgment, finding that the five-year renewal option extended automatically at the option of the lessee for an unlimited period and that the lease was forever. As such, the court declared the automatic renewal provision contained in the lease void as an unreasonable restraint on alienation.
On appeal, Chessmasters argues that the trial court erred in holding that the renewal provisions are void as unreasonable restraints on alienation due to perpetuity. We agree.
The interpretation or construction of a contract is a matter of law and an appellate court is not restricted from reaching a construction contrary to that of the trial court. Bombardier Capital Inc. v. Progressive Mktg. Group, Inc., 801 So.2d 131, 134 (Fla. 4th DCA 2001).
Leases in perpetuity are universally disfavored, thus the courts are loath to construe a right to renewal as perpetual, and will not do so unless the language of the agreement clearly and unambiguously compels them to do so. Nat'l Home Cmtys., L.L.C. v. Friends of Sunshine Key, Inc., 874 So.2d 631, 632 (Fla. 3d DCA 2004) (citing Sisco v. Rotenberg, 104 So.2d 365 (Fla.1958)). Generally, the courts have construed such covenants as providing for one renewal only. Id. In National Home Communities, the Third District held that the lease agreement did not provide for perpetual renewal because there was no provision in the subject agreements evidencing "a clear and explicit right to perpetual renewals." Id. at 634.
*987 Similarly, in Sheradsky v. Basadre, 452 So.2d 599 (Fla. 3d DCA 1984), the court held that "in the absence of clear intent of the parties to create a lease in perpetuity, a covenant to renew is satisfied by one renewal." Id. at 600. In Sheradsky, the lease agreement, dated November 26, 1969, provided for an initial term of five years, and further provided:
This lease shall automatically renew under the same terms and conditions as listed above, unless either party, by written notice within 60 days of the expiration date, declines to renew said lease.
Id. at 601. The lessees took the position that the five-year lease automatically renewed itself in 1974 and again in 1979 and brought suit against the purchaser for wrongful eviction under the agreement. Id. The trial court found that a second automatic renewal in 1979 was contemplated by the terms of the lease. Id. at 603. The Third District reversed, finding that the contested lease provision did not "clearly exhibit an intent to provide for more than one renewal." Id.
We find further support for our holding in Schroeder v. Johnson, 696 So.2d 498 (Fla. 5th DCA 1997), in which the tenant filed a complaint seeking a declaratory judgment that the lease between herself and the landlord provided for perpetual renewals. Id. at 498. The specific lease provision stated:
Landlord does hereby grant to Tenant the right to extend this lease for successive five (5) year periods. Such right shall be executed by Tenant giving written notice of intent to exercise right of extension which written notice shall be delivered to Landlord by certified mail return receipt requested not less than ninety (90) days prior to the termination of the then existing rental.
Id. The trial court concluded that the parties intended that the tenant should have the right to renew the lease in five-year intervals during her lifetime. Id. at 499. However, the Fifth District reversed, finding that "since there is no unambiguous and explicit language in the lease evincing the intent to grant perpetual renewals, or even renewals for the tenant's life, we hold that the lease provides for only two successive five-year renewals  i.e., a maximum potential lease term of fifteen (15) years." Id.
Likewise, the renewal provision in the instant case does not expressly limit the number of renewals and does not expressly state that the leases are renewable in perpetuity. Therefore, since the lease does not have any language that expressly grants perpetual renewal in unequivocal terms, the lease is not in perpetuity. Consequently, the trial court erred in holding that the renewal provisions in the leases are void as unreasonable restraints on alienation.
Furthermore, Chessmasters argues in the alternative that it is entitled to two new renewal periods because the renewal provision in the lease contains plural language. Chessmasters relies on Schroeder to support its argument. The lease agreement in Schroeder provided the tenant "the right to extend this lease for five year periods," and the court found the lessee entitled to two successive five-year renewals. However, we conclude that Chessmasters should be entitled to one renewal only. The agreement in Schroeder clearly referred to the renewal period in the plural as "successive five-year periods." In this case, "period" is referred to in the singular. Also, in Schroeder, the court stated:
Thus, in the absence of unambiguous terminology indicating the intention of the parties to provide for plural renewals, it is generally held that the covenant to renew is satisfied by one renewal, and *988 does not require the insertion of one renewal clause in the instrument under which the lessee in holding subsequently to the expiration of the original lease.
696 So.2d at 499 (citing Hutson v. Knabb, 212 So.2d 362 (Fla. 1st DCA 1968)).
Here, the language of the lease agreement is ambiguous as to whether the parties intended to provide for plural renewals. Because the agreement does not "clearly exhibit an intent to provide for more than one renewal," the covenant to renew should be satisfied by one renewal only. Sheradsky, 452 So.2d at 603.
Therefore, the trial court's final judgment declaring the renewal provisions in the lease agreements void as unreasonable restraints on alienation due to perpetuity is reversed. Chessmasters is entitled to one renewal because the lease agreement does not contain clear and unequivocal language stating that the tenant has a perpetual right to renew the lease.
Reversed.
GUNTHER, POLEN and HAZOURI, JJ., concur.