982 So.2d 1203 (2008)
MIREN INTERNATIONAL LODGING CORP., etc., Appellant,
v.
Elizabeth A. MANLEY, et al., Appellees.
No. 5D06-4234.
District Court of Appeal of Florida, Fifth District.
May 23, 2008.
David W. Glasser, of Glasser and Handel, Daytona Beach, for Appellant.
August J. Stanton, III, of Stanton & Gasdick, Orlando, for Appellee.
PER CURIAM.
The lessees of twelve different mobile home park lots brought a single declaratory judgment action seeking to have the trial court declare that their respective individual leases with the mobile home park owner, Miren International, were enforceable. Two of the leases were alleged to be life-time leases and the remainder were alleged to be perpetual leases.[1] The trial court granted the plaintiffs' motion for summary judgment and entered a final judgment finding that all of the leases in dispute were enforceable. The trial court did not identify which leases were enforceable as perpetual leases and which leases were enforceable as life-time leases. On appeal, Miren International contends that the trial court erred in finding that any of the leases were perpetual leases.[2] We agree.
*1204 The interpretation or construction of a written contract is a matter of law and an appellate court is not restricted from reaching a construction contrary to that of the trial court. Accordingly, our review is de novo. Thomas v. Fusilier, 966 So.2d 1001 (Fla. 5th DCA 2007).
This court has previously held that leases in perpetuity are not favored and will not be so construed unless the intention to give them that effect is expressed in clear and unequivocal terms. Schroeder v. Johnson, 696 So.2d 498 (Fla. 5th DCA 1997). In the present case, none of the leases met this standard. The purported perpetual lease agreements contained, inter alia, the following provisions:
This Lease shall be automatically renewable for an additional five (5) year term at the end of each term, without any action on the part of Lessee, and at no cost of any kind to Lessee. The purchase price of this Lease is the sole and only consideration to be paid by Lessee and/or any assignee or successor of Lessee for the initial term and all subsequent renewal terms.
* * *
The Lessee, or their successors or assigns, shall have the right to transfer the interest created thereby by will without limitation. This right shall not be limited to the present Lessees or any subsequent Lessees, but shall be perpetual.
* * *
In the event that Lessee desires to sell, assign, transfer or sublet the premises or his interest in this Lease, Lessor shall have the right of first refusal to purchase the interest.
(Emphasis added). As to the first provision cited above, Florida case law is clear that a lease provision permitting automatic renewals of a lease, without more, is insufficient to establish a perpetual lease. See Schroeder; Chessmasters, Inc. v. Chamoun, 948 So.2d 985 (Fla. 4th DCA 2007); Sheradsky v. Basadre, 452 So.2d 599 (Fla. 3d DCA 1984); Hutson v. Knabb, 212 So.2d 362 (Fla. 1st DCA 1968).
The second provision cited above purports to grant the lessee and its assigns and successors the right to transfer a leasehold interest by will in perpetuity. It is noteworthy that this provision does not purport to grant the lessee the perpetual right to assign an interest in the lease by any method other than by devise. Furthermore, it is difficult to reconcile this language with the provision granting the landlord the right of first refusal whenever the lessee attempts to transfer its leasehold interest. We find it unnecessary to determine whether the landlord would have a right of first refusal if a lessee attempted to transfer a leasehold interest "by will." The inconsistencies and omissions in the above-referenced provisions compel us to conclude that the leases in question do not contain clear and unequivocal language reflecting an intention to create a perpetual lease.
The lessees contend that the authorization of automatically renewable leases in section 723.059(5), Florida Statutes (2005),[3] reflects a legislative intent to treat mobile *1205 home park leases differently than other leases. However, there is nothing in that statute which would suggest a legislative intent to modify the common law requirements for the creation of a perpetual lease.
We conclude that the disputed leases cannot, as a matter of law, be construed to be perpetual leases.
REVERSED and REMANDED.
GRIFFIN and SAWAYA, JJ., concur.
EVANDER, J., concurs and concurs specially with opinion.
EVANDER, J., concurring specially.
The facts in this case reflect why courts are understandably loathe to construe a lease to be perpetual. Chessmasters, Inc. v. Chamoun, 948 So.2d 985, 986 (Fla. 4th DCA 2007). If construed as perpetual, these leases would theoretically permit the lessees' successors to lease these lots rent free for thousands of years. Meanwhile, the landlord would be obligated to continue to pay the property taxes and maintain the park's common amenities regardless of the cost. It would become virtually impossible for the owner to sell the property to a third person. Such a result would be contrary to the public policy of encouraging the free alienability of property. Seagate Condo. Ass'n, Inc. v. Duffy, 330 So.2d 484, 485 (Fla. 4th DCA 1976).
NOTES
[1] The alleged perpetual leases were identified below as the leases of Hobbs, Elkins, Maxson, Brothers, Ernest, Reuter, Lucille Miller, Snavely, Lightbody and Pierce.
[2] Miren International does not challenge the trial court's determination that the leases were enforceable as life-time leases.
[3] Chapter 723.059. Mobile home park lot tenancies.

723.059 Rights of purchaser.
(5) Life time leases, both those existing and those entered into after July 1, 1986, shall be nonassumable unless otherwise provided in the lot rental agreement or unless the transferee is the home owner's spouse. The renewal provisions in automatic renewable leases, both those existing and those entered into after July 1, 1986, are not assumable unless otherwise provided in the lease agreement.